FILED
BILLINGS DIV.

2007 JUN 27 PM 12 10

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE CLOUD FOUNDATION, INC., a Colorado non-profit organization, and FRONT RANGE EQUINE RESCUE, INC., a Colorado non-profit organization,<br><br>Plaintiffs,<br><br>vs.<br><br>DIRK KEMPTHORNE. in his official capacity as Secretary, United States Department of Interior, et al.,<br><br>Defendants. | CV-06-111-BLG-RFC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On March 12, 2007, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation on the United States Forest Service ("USFS") Defendants'[1] Motion to Dismiss. *Doc. 58*. Magistrate Judge Ostby recommends the motion be converted to a Motion for Summary Judgment and that summary judgment be entered in their favor on the grounds that the six-year statute of limitations has elapsed.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed objections March 26, 2007. *Doc. 59*. The USFS Defendants responded on April 9, 2007 (*Doc. 60*) and Plaintiffs replied on April 20, 2007 (*Doc. 61*). Plaintiffs' objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is

---

[1] The USFS Defendants are: Mike Johanns, in his official capacity as Secretary, United States Department of Agriculture; Dale Bosworth, in his official capacity as Chief, United States Forest Service; and Gail Kimbell, in her official capacity as Forester, Region 1, USFS.

1

made. 28 U.S.C. § 635(b)(1). After such a review, the Court concludes the objections are not well-taken. For the following reasons, Magistrate Judge Ostby's Findings and Recommendations are adopted in their entirety.

Plaintiffs first object to Magistrate Ostby's conversion of the USFS Defendants' Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. The motion was converted due to the consideration of documents other than the pleadings. Plaintiffs contend the motion to dismiss was brought pursuant to Fed.R.Civ.P. 12(b)(1) rather than 12(b)(6) and that courts may consider materials outside the pleadings in ruling on 12(b)(1) motions. Thus, according to Plaintiffs, there was no need to convert the motion to a Rule 56 motion, which, unlike the granting of a motion to dismiss, is a decision on the merits. Regardless, Rule 12 dismissal would be of no solace to Plaintiffs since their cause of action is clearly barred by the statute of limitations.

In any event, Magistrate Ostby correctly applied Ninth Circuit precedent explicitly holding that § 2401(a)'s six-year statute of limitations is not jurisdictional. *Cedars-Sinai Med. Center v. Shalala,* 125 F.3d 765, 770 (9th Cir. 1997). The contrary Ninth Circuit authority cited by Plaintiffs predates *Cedars-Sinai Med. Center*. Plaintiffs citation of dissenting Supreme Court opinions are persuasive, but this Court is bound by explicit Ninth Circuit holdings. Under *Cedars-Sinai Med. Center*, the six-year statute of limitations is not jurisdictional. Accordingly, Magistrate Ostby was required to convert the Rule 12 motion to a Rule 56 motion in order to consider materials outside the pleadings, which both parties supplied.

Plaintiffs second objection is that Magistrate Judge Ostby erred in concluding the statute of limitations bars suit against the USFS Defendants because she failed to consider that the USFS violation is ongoing. However, Magistrate Ostby correctly concluded that the 1987 Custer Forest Plan Record of Decision ("CFPRD") is not an ongoing agency action. Plaintiffs cite *The Wilderness Society v. Norton* for the proposition that challenges to agency inaction may be brought beyond the six-year limitations period codified at 28 U.S.C. ¶ 2401(a). 434 F.3d 584, 588-89 (D.C. Cir. 2006). However, the Plaintiffs in that case sued the agency for failing to act,

2

as did the plaintiffs in all the cases cited by that case. *Id.* Here, although Plaintiffs couch their argument as challenging the USFS's alleged failure to recognize the Pryor Mountain wild horses' historic range, Plaintiffs are actually challenging the USFS's identification of management areas for these animals on the Custer National Forest. That decision was finalized in 1987. Thus, the present case is distinguishable from the "failure to act" cases cited in *The Wilderness Society v. Norton.*

Third, Plaintiffs argue Magistrate Ostby improperly resolved a factual dispute when she determined Plaintiffs claim accrued when the CFPRD was issued in 1987. However, it is clear that the CFPRD was issued in June of 1987, *Declaration of N. Curriden,* ¶ *11, attached as Exhibit 1 to Doc. 20,* and that the Final Environmental Impact Statement for the CFPRD was published in the Federal Register on June 19, 1987. *Doc. 46, Second Declaration of N. Curriden,* ¶ 6. Because it is well-established that publication in the Federal Register is legally sufficient notice to all interested or affected persons regardless of actual knowledge or hardship resulting from ignorance, *Shiny Rock Min. Corp. v. United States*, 906 F.2d 1362 (1990), the Magistrate Judge correctly concluded Plaintiffs claim accrued in 1987.

Related to this issue, is Plaintiffs' fourth objection, through which Plaintiffs argue they should be allowed to conduct discovery to determine when their claim accrued. In support, Plaintiffs claim the Ninth Circuit has specifically held dismissal is not proper under these circumstances, citing *Sisseton-Wahpeton Sioux Tribe v. United States,* 895 F.2d 588, 591 (9th Cir. 1990). It is difficult to understand how Plaintiffs claim this to be true when the court affirmed dismissal on statute of limitations grounds. *Sisseton-Wahpeton Sioux Tribe* at 597. In any event, what the court did say is that "where the issue of limitations requires determination of when a claim begins to accrue, the complaint should be dismissed only if the evidence is so clear that there is no genuine factual issue and the determination can be made as a matter of law." *Sisseton-Wahpeton Sioux Tribe,* 895 F.2d at 591. Here, the evidence is clear. Any challenge to the CFPRD accrued when it was published in 1987.

Next, Plaintiffs claim that requiring their suit to be brought within six years of the CFPRD is contrary to the holding of the Supreme Court in *Ohio Forestry Assn. v. Sierra Club,* 523 U.S. 726 (1998). *Ohio Forestry Assn.* is a ripeness case which held that a challenge to a newly issued forest plan was not ripe because the plan itself did not authorize the cutting of any trees and the injury to the environmental plaintiffs would not occur until there was a plan to log a specific site. 523 U.S. at 734-35. The statute of limitations was not an issue in that case. Although in at least some contexts the ripeness of a claim is related to when it accrues for statute of limitations purposes, *see Norco Const. Inc. v. King County,* 801 F.2d 1143, 1146 (9th Cir. 1986) (concluding in a § 1983 action that the same considerations which render claim unripe prevent accrual of claim for limitations purposes), *Ohio Forestry Assn.* is not applicable here because Plaintiffs claim against the USFS accrued, and became ripe, in 1987 when the agency determined the range of wild horses on the Custer National Forest.

Plaintiffs' sixth objection is to the Magistrate Judge's characterization of the their claims as a policy-based facial challenge rather than an as-applied challenge to an agency decision which exceeds constitutional or statutory authority. This distinction is relevant because while procedural or policy-based challenges to agency decisions must be brought within six years of the decision, a claim that the substance of an agency decision exceeds constitutional or statutory authority may be brought "later than six years following the decision by filing a complaint for review of the adverse application of the decision to the particular challenger." *Wind River Mining Corp. v. United States,* 946 F.2d 710, 715 (9th Cir. 1991). The latter category of challenger is a "more interested person than generally will be found in the public at large," such as parties with mining claims affected by agency action. *Id.*

Plaintiffs' core allegation is that the USFS failed to include as wild horse territories those lands on which wild horses existed at the passage of the Wild Free Roaming Horses and Burros Act. This decision occurred no later than 1987 and there has been no recent application of that decision to Plaintiffs. Thus, even if Plaintiffs' claim against the USFS should be characterized as

4

a substantive, as-applied challenge, *Wind River Mining Corp.* made clear that a "substantive challenge to an agency decision alleging lack of agency authority may be brought within six years of the agency's application of that decision to the specific challenger." 946 F.2d at 715.

Finally, Plaintiffs's seventh objection is apparently a reiteration of their second and sixth objections. The Court has already concluded these objections lack merit.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and **HEREBY ORDERS** they be adopted in their entirety.

Accordingly, **IT IS FURTHER ORDERED** that the USFS Defendants' Motion to Dismiss (*Doc. 15*) is converted to a Motion for Summary Judgment and **GRANTED**.

The Clerk of Court shall notify the parties of the making of this Order and enter judgment for the USFS Defendants.

DATED this 27th day of June, 2007.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

5