IN THE UNITED STATES DISTRICT COURT

FILED
BILLINGS DIV.

FOR THE DISTRICT OF MONTANA

2008 JAN 4 PM 4 09

BILLINGS DIVISION

PATRICK E. DUFFY, CLERK

BY _____
                DEPUTY CLERK

THE CLOUD FOUNDATION, INC., a
Colorado non-profit organization, and
FRONT RANGE EQUINE RESCUE, INC., a
Colorado non-profit organization,

CV-06-111-BLG-RFC-CSO

        Plaintiffs,

vs.

DIRK KEMPTHORNE, in his official
capacity as Secretary, United States
Department of Interior, KATHLEEN
CLARKE, in her official capacity as
Director, Bureau of Land Management,
SANDRA S. BROOKS, in her official
capacity as Field Manager, BLM, Billings
Field Office, LINDA COATES-MARKLE, in
her official capacities as Research
Coordinator, Wild Horse and Burro
Program, Bureau of Land Management
and Montana State Wild Horse and Burro
Specialist, Bureau of Land Management,
MIKE JOHANNS, in his official capacity as
Secretary, United States Department of
Agriculture, GAIL KIMBELL, in her official
capacity as Chief, United States Forest
Service, STEVE WILLIAMS, in his official
capacity as Forester, Region 1, United
States Forest Service,

        Defendants.

**FINDINGS AND
RECOMMENDATION OF UNITED
STATES MAGISTRATE JUDGE**

Pending before the Court is a Motion for Summary Judgment filed by Defendants

Mike Johanns, in his official capacity as Secretary, United States Department of

-1-

Agriculture; Gail Kimbell, in her official capacity as Chief, United States Forest Service; and Steve Williams in his official capacity as Region One Forester (hereafter "USFS Defendants"). *Court's Doc. No. 87.* By Order dated January 22, 2007, United States District Judge Richard F. Cebull referred this case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) including submission of proposed findings and recommendations. See *Court's Doc. No. 57.*

Having considered the issues presented by the parties, together with their submissions in support of their respective arguments, the Court enters the following findings and recommendation that the motion be granted.

## I.   BACKGROUND

The pertinent factual background of the Pryor Mountain Wild Horse Range ("PMWHR"), the Wild Free Roaming Horses and Burros Act ("WFRHBA"), and subsequent actions of the USFS and Bureau of Land Management ("BLM"), are summarized in the Findings and Recommendations dated March 12, 2007, (*Court's Doc. No. 58*). On June 27, 2007, the Court adopted these Findings and Recommendations and granted summary judgment to the USFS defendants. *Court's Doc. No. 62.*

On September 7, 2007, Plaintiffs' ("TCF") unopposed Motion for Joinder of Parties and to Amend Complaint was granted (*Court's Doc. No. 76, 80*), and TCF subsequently filed its First Amended Complaint (*Court's Doc. No. 81*).

Relevant to this motion, the First Amended Complaint contains two counts against the USFS defendants. *Amend. Cmplt. at 1, 29-32.* Count Three alleges that

the BLM and the USFS both violated the WFRHBA, WFRBA Regulations, and the

Administrative Procedures Act ("APA"), by failing to acknowledge historical use of Custer

National Forest ("CNF") lands by PMWHR wild horses, thus limiting the wild horses'

range to the PMWHR boundaries established in 1968. *Id. at 29-30.* Count Six alleges

that the USFS violated the WFRHBA, WFRHBA Regulations, and the APA, by failing to

allow PMWHR wild horses access to CNF lands based on the USFS defendants' position

that wild horses are incompatible with wilderness values. *Id. at 31-32.*

The First Amended Complaint requests a declaratory judgment that the USFS's

refusal to acknowledge a legal right of the PMWHR wild horses to use CNF lands that

the horses used when the WFRHBA was passed is "arbitrary, capricious, an abuse of

discretion, or otherwise not in accordance with law, and without observance of

procedure required by law, contrary to the APA...." *Id. at 32.* The First Amended

Complaint also seeks a declaratory judgment that the above determination, along with

the USFS's interpretation that wild horses are incompatible with wilderness areas, are

"arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law,

and without observance of procedure required by law, contrary to the APA...." *Id. at

32-33.* Finally, TCF requests a declaratory judgment that wild horses are compatible

with wilderness areas, and an award of costs and expenses, including attorney, expert

witness and consultant fees. *Id. at 33.* The USFS defendants deny any wrongdoing,

and affirmatively assert that TCF's claims against the USFS are barred by the statute of

limitations and res judicata. *Ans. at 13-14.*

-3-

## II.   PARTIES' ARGUMENTS

The USFS defendants move for summary judgment on all claims against them on the basis of res judicata and the statute of limitations. *Mtn. For S.J. at 2.* The USFS defendants initially assert that TCF challenges the designation of wild horse range on the CNF in connection with challenging the BLM's Environmental Assessment and Decision Notice of 2006, but the CNF was not part of these BLM actions, and the CNF does not plan to remove horses and does not take part in a fertility control program. *Br. in Support of S.J. Mtn. (Court's Doc. No. 89) at 2.*

In support of their res judicata argument, the USFS defendants argue that Counts Three and Six of the Amended Complaint are essentially the same as the claims against the USFS presented in the first Complaint. *Id. at 3-5.* The USFS defendants contend that the Court's previous Findings and Recommendations disposed of these claims, finding that challenges to the designation of wild horse territory on the CNF were barred by the statute of limitations. *Id. at 5.* The USFS defendants thus initially argued that the elements for res judicata were met, but conceded in their reply that the earlier summary judgment in favor of the USFS is not a final judgment with res judicata effect.

The USFS defendants alternatively argue that even if the claims against them are not barred by res judicata, those claims are barred by the statute of limitations. *Id. at 7.* The USFS defendants state that civil action against the United States must be filed within six years of accrual of the action. *Id.* The USFS defendants argue that TCF's

instant cause of action accrued in 1987, upon adoption of the current CNF Forest Plan. *Id.*

The USFS defendants argue that the challenge to its designation of areas for wild horses is a challenge to a policy decision, and thus the six-year statute of limitations applies. *Id. at 8.* The USFS defendants add that the CNF Forest Plan has been applied consistently, so TCF cannot argue it has newly been applied to TCF. *Id. at 9.* The USFS defendants also assert that the statute of limitations on TCF's claims commenced when the CNF Forest Plan was published in the Federal Register in 1987, not when TCF learned of the USFS's alleged refusal to modify that plan in 2005 or 2006. *Id. at 9.*

The USFS defendants further argue that the CNF Forest Plan is not an action of continuing application to which the six-year statute of limitations in inapplicable. *Id. at 10.* The USFS defendants state that no new final agency action has taken place, rather any activity by the CNF is simply ongoing management pursuant to the CNF Forest Plan. *Id.*

Finally, the USFS defendants argue that Count VI does not allow TCF to escape a problem with the statute of limitations. *Id. at 11.* The USFS defendants argue that wild horse management and wilderness management were considered in the Record of Decision for the CNF Forest Plan in 1987. *Id.* Also, the USFS defendants argue that a 2004 letter from the USFS to the BLM including concerns about the impact of wild horses on wilderness values is not a new decision, but rather shows several reasons why any change to CNF Forest Plan management areas will need to go through NEPA

review.  *Id.*  The USFS defendants argue that once final forest planning regulations are in place, forest plan revision will proceed, and a full NEPA review of a revised CNF Forest Plan will commence, allowing TCF an opportunity to comment, and to object to any management proposals.  *Id.*

TCF responds that its claims are not barred by res judicata or the statute of limitations.  *Pls.' Memo. Opposing S.J. (Court's Doc. No. 94) at 2.*  TCF begins by arguing that the USFS defendants' Statement of Undisputed Facts does not relate to the issues on which the USFS seeks summary judgment, but rather is substantive support for the USFS's land management decision regarding wild horses.  *Id. at 3.*  TCF further argues that the USFS defendants' Statement of Undisputed Facts misrepresents the contents of Ron Hall's 1972 report, and omits 70 pages of that 94 page document.  *Id.*

TCF also argues that there is a current controversy with the USFS over whether wild horses may be allowed in wilderness areas in the CNF, and that this controversy is distinct from whether the claims regarding the CNF Forest Plan are barred by the statute of limitations.  *Id. at 4.*  TCF also states that it has been told to await revision of the CNF Forest Plan in 2007, but revision has not commenced.  *Id. at 4.*  Finally, TCF argues that the BLM, USFS, and National Park Service entered a Memorandum of Understanding regarding wild horse management on the PMWHR, and this memorandum constitutes active involvement in managing the herd by the USFS.  *Id.*

TCF argues that its claims against the USFS are not barred by res judicata because the Court's Order granting the USFS defendants summary judgment is not a

final judgment. *Id. at 5-6.* TCF argues that a court order which disposes of anything less than all claims against all parties, and which has not been certified as final under Fed.R.Civ.P. 54(b), is not a final judgment that has res judicata effect. *Id. at 5.* TCF states that res judicata does not apply when a party moves the rendering court, in the same proceeding, to modify its judgment. *Id.*

TCF offers several reasons why its claims against the USFS defendants should not be barred by the statute of limitations. First, TCF argues that it could not have sued the USFS within six years of the CNF Forest Plan being issued in 1987 because TCF did not then exist. *Id. at 6.* TCF states that its claim accrued when it was injured by the USFS decision, and that it could not earlier file suit based on speculative injury. *Id. at 6.*

TCF further argues that the CNF Forest Plan is not the only source of injury by the USFS. TCF states that the USFS's interpretation of the WFRHBA is illegal, and the USFS's continued exclusion of wild horses from CNF lands based on adherence to this interpretation has reduced the population range of the horses and caused the BLM to take detrimental actions against the wild horses. *Id. at 7.*

TCF concludes that even if the Court cannot review the 1987 CNF Forest Plan due to res judicata or the statute of limitations, the Court may review the claim for declaratory judgment regarding the USFS's interpretation of the WFRHBA and the USFS's position on wild horses and wilderness values. *Id.* Specifically, TCF argues the Court can declare that the USFS's refusal to allow wild horses access to lands they used

-7-

when the WFRHBA was passed, and the USFS's interpretation that wild horses are incompatible with wilderness, violate the APA. *Id.*

The USFS replies that its Statement of Undisputed Facts is submitted not as substantive support for the USFS decision regarding wild horse range, but to show the timing of those decisions for purposes of accrual and the statute of limitations. *USFS Reply Br. (Court's Doc. No. 100) at 2.* The USFS also asserts that it has not misrepresented the Hall report, as TCF claims, and submits the entire Hall report and the declaration of Kim Reid in support of this argument. *Id. at 2-3; Decl. of Kim Reid (Court's Doc. No. 101) and Ex. A.*

The USFS further argues that the memorandum of understanding it entered with the BLM and the National Park Service does not show USFS decisions subsequent to the 1987 CNF Forest Plan. *USFS Reply Br. at 3-4.* Rather, the USFS argues the memorandum designates the BLM as the lead agency for PMWHR management, and does not constitute a decision or contemplate specific action on the part of the USFS. *Id. at 4.*

The USFS also argues that the ongoing injunction on forest planning is temporary, that the CNF Forest Plan will be revised, and that this consideration does not change the statute of limitations in this matter. *Id. at 4-5.*

Finally, the USFS reasserts that TCF is making a policy-based facial challenge to actions which were within the USFS's authority, and as such the statute of limitations began to run in 1987 when the CNF Forest Plan Record of Decision was published in the

Federal Register.  *Id. at 5-9.*  The USFS argues that the statute of limitations bars both

declaratory and injunctive relief against the USFS in this case.  *Id. at 9.*

## III.   DISCUSSION

### a.   Summary Judgment Standard

Summary judgment is proper where the pleadings, discovery and affidavits show

that there is "no genuine issue as to any material fact and that the moving party is

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those

which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient

evidence for a reasonable trier of fact to return a verdict for the nonmoving party.  Id.

The party moving for summary judgment bears the initial burden of identifying

those portions of the pleadings, discovery and affidavits which demonstrate the absence

of a genuine issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).

Where the moving party will have the burden of proof on an issue at trial, it must

affirmatively demonstrate that no reasonable trier of fact could find other than for the

moving party.  But on an issue for which the opposing party will have the burden of

proof at trial, the moving party need only point out "that there is an absence of

evidence to support the nonmoving party's case."  Id.

Once the moving party meets its initial burden, the nonmoving party must go

beyond the pleadings and, by its own affidavits or discovery, "set out specific facts

showing a genuine issue for trial."  Fed. R. Civ. P. 56(e).  If the nonmoving party fails to

make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp., 477 U.S. at 323.

### b.    Res Judicata/Law of the Case

Res judicata bars litigation on "any claims that were raised or could have been raised in a prior action."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (quotations omitted).  Res Judicata applies when three elements exist: "(1) an identity of the claims; (2) a final judgment on the merits; and (3) identity or privity between the parties."  Id.  At issue here is whether the Court's Order granting the USFS defendants summary judgment is a final judgment on the merits.

Res judicata cannot arise unless there is a final judgment on the merits.  As the USFS defendants concede, it is clear that the Court's prior order granting the USFS defendants summary judgment does not have res judicata effect.  That order did not dispose of all claims against all parties in this action.  Also, though the Court did direct entry of judgment for the USFS defendants, the Court did not "expressly determine that there is no just reason for delay" as required to certify an interlocutory judgment as final under Fed. R. Civ. P. 54(b).  See Ord. Adopting F&R of U.S. Magistrate Judge (Court's Doc. No. 62) at 5.  Thus, the Court's order is an interlocutory judgment without res judicata effect, and as the USFS defendants concede in their reply brief, the Court cannot grant the USFS defendants' motion for summary judgment on this basis.  See Adad v. Int'l Longshoremen's & Warehousemen's Union, 195 F.3d 1107, 1111 n.1 (9th Cir. 1999) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)).

-10-

The Court notes, however, that it appears that the "law of the case" doctrine may apply here and the Court is uncertain why the Plaintiffs have raised claims essentially similar to claims the Court has previously dismissed.   Under the "law of the case" doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.   Minidoka Irrigation Dist. v. U.S. Dept. of Interior, 406 F.3d 567, 573 (9th Cir. 2005) (*citing* Old Person v. Brown, 312 F.3d 1036, 1039 (9th Cir.2002)).   The Ninth Circuit held in *Old Person* that the law of the case doctrine is subject to three exceptions that may arise when "(1) the decision is clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at a subsequent trial." *Id.*   None of these exceptions apply here.   Because the parties have not raised this issue, the Court will again address the substantive issues below.   The Court does request the parties henceforth to be mindful of doctrines of judicial economy.

### c.    Statute of Limitations

Title 28, U.S.C. § 2401(a), provides, in relevant part, as follows: "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."   Section 2401(a) applies to actions for judicial review brought pursuant to the APA.   See Wind River Mining Corp. v. U.S., 946 F.2d 710, 712-13 (9th Cir. 1991).   The six-year statute of limitations begins to run when the right of action first accrues, which, under the APA, is generally the time of

-11-

the final agency action.  5 U.S.C. § 704.

TCF's first contention is that its cause of action did not accrue until 2005, when the USFS made public a 2004 letter explaining that the CNF was against expanding the PMWHR onto CNF lands that TCF contends were historically used by the wild horses, or in 2006 when TCF executive director Ginger Kathrens became aware of the CNF's position.  *Pls.' Br. at 6-7 (Referring to Pls.' earlier brief).*

"Under federal law a cause of action accrues when the plaintiff is aware of the wrong and can successfully bring a cause of action."  Acri v. Intl. Ass'n of Machinists, 781 F.2d 1393, 1396 (9th Cir. 1986), *cert. denied,* 479 U.S. 816 (1986).  Actual knowledge of governmental action, however, is not required for the statutory period to begin.  See Shiny Rock Mining Corp. v. U.S., 906 F.2d 1362, 1364 (9th Cir. 1990).  The Court in Shiny Rock found that "'[p]ublication in the Federal Register is legally sufficient notice to all interested or affected persons regardless of actual knowledge or hardship resulting from ignorance.'" Id. (quoting Friends of Sierra R.R., Inc. v. ICC, 881 F.2d 663, 667-68 (9th Cir. 1989)).  Here, the USFS gave notice of the Forest Plan Final Environmental Impact Statement in the Federal Register.  See 52 FR 23353-01, 1987 WL 136485; see also *Second Curriden Decl.* at ¶ 6.  The plaintiffs here thus cannot avoid the accrual of a cause of action because their group was formed or incorporated years after the expiration of the six-year statute of limitation.

The Court must reject TCF's argument in this regard because it is contrary to law.  TCF's argument would have more merit if it was able to bring a substantive as-

-12-

applied challenge, which accrues upon application to the plaintiff. See Wind River

Mining Corp. v. U.S., 946 F.2d 710, 715 (9th Cir. 1991). As this Court earlier explained,

however, because the USFS acted within its authority under the WFRHBA in designating

wild horse range on the CNF, TCF is limited to a facial policy-based challenge. *F&R*

*(Court's Doc. No. 58) at 16-20.* The only challenge TCF is able to bring against the

CNF Forest Plan accrued when notice of that plan's final EIS was published in the

Federal Register in 1987. See Shiny Rock, 906 F.2d at 1365-66.

TCF also appears to renew its earlier contention that the CNF Forest Plan is an

action of continuing application not subject to a six-year statute of limitations.

Specifically, TCF notes that the BLM, USFS, and National Park Service entered into a

memorandum of understanding regarding management of PMWHR horses. *Pls.' Resp.*

*Br. at 4.* TCF argues this constitutes active management of the horses by the USFS.

*Id.* TCF also argues the USFS's ongoing adherence to an illegal interpretation of the

WFRHBA, which is contained in the CNF Forest Plan, injures the PMWHR horse herd.

*Id. at 7; Pls.' Statement of Genuine Issues (Court's Doc. No. 96) at 9-10.*

Certain USFS management plans governing future and ongoing projects may

constitute continuing agency action. See Pacific Rivers Council v. Thomas, 30 F.3d

1050 (9th Cir. 1994) (holding that USFS land resources management plans for timber

sales, range activities, and road building projects in two forests constituted "ongoing

agency action" under § 7 of the Endangered Species Act) . The Ninth Circuit has,

however, subsequently declined to extend Pacific Rivers Council beyond situations

-13-

where agency decisions "continue[] to apply to new projects ... hav[ing] an ongoing and long-lasting effect even after adoption." California Sportfishing Protection Alliance v. F.E.R.C., 472 F.3d 593, 598 (9th Cir. 2006) (distinguishing Pacific Rivers Council because "this case involves no such long-lasting effects on new permits." Id.).

The Court again must conclude that Pacific Rivers Council does not control here. See F&R (Court's Doc. No. 58) at 13-14. The CNF Forest Plan arguably would control any USFS actions regarding the PMWHR herd territory, but there simply have been no such actions on the part of the USFS. Unlike Pacific Rivers Council, this case does not present such activities as "timber sales, range activities/grazing permits, or road building projects" undertaken pursuant to the forest plan and affecting the horses. Pacific Rivers Council, 30 F.3d at 1053. The USFS's entry in a memorandum of understanding with other federal agencies is not analogous to the USFS's action in Pacific Rivers Council. The memorandum of understanding designates the BLM as the lead agency in managing the PMWHR, and indicates no significant action or deviation from the 1987 CNF Forest Plan on the part of the USFS. See U.S.F.S. Reply Br., ex. A.

Likewise, TCF's contention that the USFS's interpretation of the WFRHBA necessitates the actions of the BLM on the herd, while factually plausible, does not support applying Pacific Rivers Council here. Pacific Rivers Council dealt with the potential effect of the USFS's own projects, pursuant to a forest plan, on species listed under the Endangered Species Act. 30 F.3d 1052-53. Applying that case here to find ongoing action by the USFS, on the basis that the CNF Forest Plan may be a factor in

-14-

the BLM management of the PMWHR herd, would greatly extend Pacific Rivers Council,

contrary to Ninth Circuit precedent.  See Cal. Sportfishing Protective Alliance, 472 F.3d

598.   The Court must conclude that reviewable agency action by the USFS concluded

with the Custer Forest Plan Record of Decision in 1987.

TCF's final argument is that, pursuant to Super Tire Eng'g Co. v. McCorkle, 416

U.S. 115 (1974), the Court may grant TCF's request for declaratory judgment that the

USFS defendants' "actions in refusing to acknowledge the legal right of PMWHR horses

to lands they historically used ... and [the USFS's] interpretation that wild horses are

incompatible with wilderness ..." violate the APA.  *Pls.' Resp. Br. at 7.*  In McCorkle,

employers whose workers struck sued for declaratory and injunctive relief from

regulations issued under two New Jersey public welfare programs which made the

striking workers eligible for public assistance.  McCorkle, 416 U.S. at 116-17.  The strike

subsequently ended, and the Supreme Court confronted the question of whether the

request for declaratory relief was thereby moot.  Id. at 120-21.  The Court held, based

on imminence of the state action, and additionally because a strike was an issue

capable of repetition yet evading review, that the request for declaratory judgment

presented a live controversy and was not moot.  Id. at 125-27.

McCorkle does not help TCF evade the statute of limitations.  McCorkle holds that

a request for declaratory judgment is not automatically mooted by a court's inability to

provide injunctive relief.  Requests for declaratory judgment remain subject to the

statute of limitations.  See City of St. Paul, AK v. Evans, 344 F.3d 1029, 1035-36 (9th

-15-

Cir. 2003).   In substance, TCF seeks a declaration that the USFS's determinations regarding the range of wild horses, and the wild horses' compatibility with wilderness, violate the APA.  These determinations were made in 1987, and thus TCF's request for declaratory judgment is time-barred also.

The Court concludes that all of TCF's claims against the USFS defendants are barred by the six-year statute of limitations found in 28 U.S.C. § 2401(a).

## IV.   CONCLUSION

Based on the foregoing, **it is RECOMMENDED** that the USFS defendants' Motion for Summary Judgment for all Claims against the USFS (*Court's Doc. No. 87*) be **GRANTED.**

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed within ten (10) days after receipt hereof, or objection is waived.

DONE and DATED this 4th day of January, 2007.

Carolyn S. Ostby
United States Magistrate Judge