IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| THE CLOUD FOUNDATION, INC., a Colorado non-profit organization, and FRONT RANGE EQUINE RESCUE, INC., a Colorado non-profit organization,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>DIRK KEMPTHORNE. in his official capacity as Secretary, United States Department of Interior, et al.,<br><br>　　　　　　Defendants. | CV-06-111-BLG-RFC<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE |

　　　　On January 4, 2008 United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation on the United States Forest Service ("USFS") Defendants' Motion for Summary Judgment. *Doc. 103*. Magistrate Judge Ostby concludes that the statute of limitations has expired and recommends the USFS Defendants' motion be granted as to all claims against them.[1]

　　　　Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed objections January 22, 2008. *Doc. 105*. The USFS Defendants responded to those objections on February 2, 2008

---

[1] On June 27, 2007, pursuant to Magistrate Judge Ostby's recommendation, this Court granted summary judgment for the USFS Defendants, concluding that the statute of limitations had expired. Subsequently, Plaintiffs filed their First Amended Complaint (*Doc. 81*) which alleged two causes of action (Counts III & VI) against the USFS Defendants. Counts III challenges the BLM and USFS' failure to acknowledge the historical use of Custer National Forest lands by the Pryor Mountain Wild Horses. Count VI challenges the USFS' failure to allow Pryor Mountain Wild Horses access to the Custer National Forest on account of the USFS's position that wild horses are incompatible with wilderness values. The USFS Defendants claim Counts III and VI are barred the statute of limitations.

(*Doc. 106*).[2]

Plaintiffs' objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). After such a review, the Court concludes Plaintiffs' objections are not well-taken.

In their first objection, Plaintiffs take issue with Magistrate Ostby's application of the law of the case doctrine even though this issue was not raised by Defendants. Plaintiffs cite no law holding that this longstanding doctrine can only be applied at the request of the Defendant. Most importantly, Magistrate Judge Ostby did not base her decision solely on the law of the case, but recognized that the parties had not raised the issue and thoroughly addressed the substantive issues.

Plaintiffs' second and third objections relate to Magistrate Ostby's refusal to follow *Pacific Rivers Council v. Thomas.* 30 F.3d 1050, 1051-52 (9th Cir. 1994). That case held that national forest plans may constitute continuing agency action. *Id.* at 1051-52. In any event, this Court agrees that *California Sportfishing Protection Alliance v. F.E.R.C.* renders *Pacific Rivers Council* inapplicable here. 472 F.3d 593, 598 (9th Cir. 2006).

Plaintiffs' fourth objection challenges the determination that the USFS has taken no action with regard to the Pryor herd since the issuance of the Custer National Forest Plan in 1987. The record in this case reveals that the BLM is the agency primarily responsible for managing the Pryor herd and that the Forest Service has taken no action since the issuance of the 1987 Forest Plan.

In the fifth and sixth objections, Plaintiffs again try to circumvent the six-year statute of limitations by labeling their claims as substantive challenges rather than policy-based challenges. The Forest Service designated Area Q (the wild horse range) in 1987 and that designation has not

---

[2]Plaintiffs filed a reply to the USFS Defendants' response to the Findings and Recommendations (*Doc. 109*) but this reply was stricken because this Court does not accept reply briefs in opposition to Findings and Recommendations. *Doc. 110.*

changed. This Court has already concluded that this is not a failure to act case and that Plaintiffs can only bring a facial policy-based challenge to the USFS's actions. *Doc. 62, pp. 3, 4-5*. For those reasons, suit should have been filed within six years of the Forest Service's designation of the Pryor herd's range.

The seventh objection challenges Magistrate Judge Ostby's failure to apply the United States Supreme Court's decision in *Ohio Forestry Association v. Sierra Club,* 523 U.S. 726 (1998). As this Court stated in its prior Order adopting Judge Ostby's Findings and Recommendations, *Ohio Forestry Association* was a ripeness case which did not involve statutes of limitation. *Doc. 62, p. 4*.

The eighth and final objection is that the law of the case doctrine does not apply because (1) Judge Ostby's decision is "clearly erroneous and its enforcement would work a manifest injustice" and (2) "substantially different evidence was adduced at a subsequent trial." First, the Court has concluded that the decision to grant summary judgment for the USFS Defendants is not erroneous. Second, there has been no subsequent trial.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and **HEREBY ORDERS** they be adopted in their entirety.

Accordingly, **IT IS FURTHER ORDERED** that the USFS Defendants' Motion for Summary Judgment (*Doc. 87*) is **GRANTED**.

DATED this 10th day of March, 2008.

        _/s/ Richard F. Cebull_____
        RICHARD F. CEBULL
        UNITED STATES DISTRICT JUDGE