IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED

2008 JUL 16 PM 1 45

| | |
|---|---|
| THE CLOUD FOUNDATION, INC., a Colorado non-profit organization, and FRONT RANGE EQUINE RESCUE, INC., a Colorado non-profit organization,<br><br>Plaintiffs,<br><br>vs.<br><br>DIRK KEMPTHORNE. in his official capacity as Secretary, United States Department of Interior, et al.,<br><br>Defendants. | CV-06-111-BLG-RFC<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE |

Plaintiffs filed the present action seeking judicial review of the procedures employed by the Bureau of Land Management to limit the population of wild horses on the Pryor Mountain Wild Horse herd. Specifically, Plaintiffs claim the BLM failed to adequately consider the environmental effects of its chosen population control measures in violation of the National Environmental Policy Act ("NEPA") and the Administrative Procedures Act ("APA"). Plaintiffs further allege the BLM violated its duties and responsibilities pursuant to the Wild Free Ranging Horses and Burros Act of 1971 ("WFRHBA").

On May 15, 2008 United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation as to the parties' cross motions for summary judgment. *Doc. 129*. After addressing the parties' arguments in the light of the administrative record and applicable law, Magistrate Judge Ostby concluded that the BLM complied with its NEPA and WFRHBA responsibilities. As such, she recommends that Defendant Bureau of Land Management's Motion for Summary Judgment (*Doc. 112*) be granted and that Plaintiff Cloud Foundation's Motion for Summary Judgment (*Doc. 115*) be denied.

1

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Plaintiffs filed objections on June 2, 2008. *Doc.* 130. Defendants responded to those objections on June 19, 2008. *Doc. 131.*

Plaintiffs' objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 635(b)(1). First, Plaintiffs claim error in Magistrate Judge Ostby's failure to apply *High Sierra Hikers Assoc. v. Blackwell,* 381 F.3d 886 (9th Cir. 2004), *opinion amended and superseded by* 390 F.3d 630. In that case, the court held that the U.S. Forest Service's failure to draft an Environmental Impact Statement ("EIS") before issuing multi-year commercial outfitting permits for popular Wilderness areas in the Sierra Nevada was unreasonable in light of NEPA's requirement that an EIS be conducted for all major federal actions significantly affecting the quality of the human environment. *High Sierra Hikers Assoc.*, 390 F.3d at 640-41. However, Magistrate Judge Ostby correctly distinguished that case on the grounds that unlike the Forest Service in *High Sierra Hikers Assoc.*, the BLM conducted an Environmental Assessment ("EA") before determining that its proposed action would not significantly affect the quality of the human environment. 390 F.3d at 640. This difference required the *High Sierra Hikers Assoc.* court to employ the less-deferential "reasonableness" standard of review than the highly deferential "arbitrary and capricious" standard which must be applied here.

Second, Plaintiff takes objection to the BLM's determination that there was an overpopulation of wild horses on the Pryor Mountain Wild Horse Range. The record, however, is clear that the BLM established an appropriate management of level of 95 wild horses for the PMWHR. Accordingly, considering that the BLM counted 160 wild horses on the PMWHR as of June 29, 2006, the finding of overpopulation was not arbitrary and capricious. The proposition that agency decisions like this are entitled to great deference is so well-established as to not require citation.

Third, Plaintiffs object to Magistrate Judge Ostby's determination that the BLM

sufficiently considered the cumulative impacts of its actions. Specifically, Plaintiffs claim that BLM failed to consider the cumulative effects of the administration of PZP to the horses themselves. However, NEPA instructs that agencies contemplating a major federal action must consider the effects of the action on the "human environment." 42 U.S.C. § 4332(2)(C). The "human environment" is defined by NEPA as "the natural and physical environment and the relationship of people with that environment." 40 C.F.R. § 1508.14. Although the Court recognizes the expansive nature of that definition, Plaintiffs offer no authority supporting their claim that the BLM was required to consider the cumulative impacts of PZP on the horses themselves.

Plaintiffs' fourth objection is that Magistrate Judge Ostby erred in concluding that the administration of PZP to the horses was a "reasonable" method of living up to its responsibilities of managing the PMWHR and its wild horses. Again, this Court's review of BLM action under the WFRHBA is limited to determining whether BLM's actions were arbitrary and capricious. In light of the fact that (1) the WFRHBA authorizes "destruction of excess animals," 16 U.S.C. § 1333(b)(1), (2), and (2) that the Human Society of the United States supports the use of PZP as the "right thing for the horses," Magistrate Judge Ostby properly characterized the administration of PZP as reasonable.

Fifth, Plaintiffs claim that Magistrate Judge Ostby improperly held that the BLM did not have to explain why it determined to conduct a multi-year EA, even though it had conducted annual Environmental Assessments of the PZP administration program from 2001 to 2005. In support, Plaintiffs cite the following statement from the Ninth Circuit Court of Appeals:

> an agency changing its course must supply a reasoned analysis indicating that prior policies and standards are being deliberately changed, not casually ignored, and if an agency glosses over or swerves from prior precedents without discussion it may cross the line from the tolerably terse to the intolerably mute.

*Northwestern Environmental Defense Center v. Bonneville Power Admin.,* in which 477 F.3d 668, 688 (9th Cir. 2007). In that case, the BPA changed a process it had followed for 18 years on

3

the basis of committee comment to a provision of legislation which was not even a part of the final bill. *Id.* at 684-86. Here, the BLM performed a detailed Environmental Assessment addressing the environmental impacts of administering PZP over several years. As such, *Northwestern Environmental Defense Center* is distinguishable and Magistrate Judge Ostby's conclusion that the multi-year EA was not arbitrary and capricious will not be disturbed.

Finally, Plaintiffs continue to argue that the BLM misrepresented the fact that Dr. Cothran supported the use of PZP. In support, they cite *Robertson v. Methow Valley Citizens Council,* 490 U.S. 332, 349 (1989). Although page 349 of that opinion provides a fine overview of the purposes of an EIS, the Court does not understand how that opinion supports Plaintiffs' theory that an allegation of a misrepresentation means that the BLM failed to comply with its NEPA responsibilities with respect to the PMWHR.

After a de novo review of Plaintiffs' objections, the Court concludes that Magistrate Judge Ostby's Findings and Recommendations are well-grounded in law and fact and are adopted in their entirety. Accordingly, **IT IS HEREBY ORDERED** that the Defendants' Motion for Summary Judgment (*Doc. 112*) is **GRANTED** and that Plaintiffs' Motion for Summary Judgment (*Doc. 115*) is **DENIED**.

The Clerk of Court is directed to enter judgment and close this case accordingly.

DATED this 16 day of July, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE